UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| United States of America | § |  |
|---|---|---|
|  | § |  |
| v. | § | No. 5:26-mj-00050-RBF-1 |
|  | § |  |
| Robyn Argote-Brooks | § |  |

**DEFENDANT'S BRIEF IN SUPPORT OF MAGISTRATE JUDGE'S DECISION TO GRANT RELEASE WITH BOND**

TO THE HONORABLE JASON K. PULLIAM, UNITED STATES DISTRICT JUDGE:

The Magistrate Judge conducted a detention hearing and ordered Defendant Robyn Argote-Brooks ("Robyn") released on bond. *See* Detention Hearing Transcript at Doc. 14 (hereafter "Tr."). The government has now moved the Court to revoke the Magistrate Judge's order granting pretrial release on bond. *See* Doc. 11. The Court has stayed the Magistrate Judge's bond order and set a de novo hearing. *See* Doc. 12. Robyn opposes the government's request to revoke the Magistrate Judge's well-supported order. The detention hearing record demonstrates: (a) Robyn has no criminal history; (b) he has complied with immigration processes, including parole entry, biometrics, work authorization, and filings for adjustment/asylum; (c) he has strong, verified community ties and a responsible custodian; and (d) the government did not carry its burden to prove either unmitigable flight risk or danger. The Magistrate Judge expressly found the government failed to meet its burden and fashioned conditions that reasonably assure appearance and community safety. The Court should let the Magistrate Judge's well-supported bond order stand.

**ARGUMENT**

The Court should deny the government's request and affirm the Magistrate Judge's well-supported decision granting bond. The Bail Reform Act directs that a judicial officer "*shall* order the pretrial release" of the defendant "subject to the *least restrictive*" conditions that are necessary to "*reasonably assure* the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B) (emphasis added); *United States v. Holloway*, 781 F.2d 124, 125 (8th Cir. 1986) ("Pretrial detention is to be the exception rather than the rule."). The conditions need not guarantee the defendant's presence, only reasonably assure it. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). The government bears the burden of proving, by a preponderance of the evidence, that the defendant is a flight risk or, by clear and convincing evidence, that he is a danger. 18 U.S.C. § 3142(f)(2); *see also Fortna*, 769 F.2d at 250.

In determining risk to the community and whether conditions of release can reasonably assure Robyn's presence, the statute instructs the Court to consider: (a) the offense, (b) the weight of evidence, and (c) the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record of appearance at court proceedings. § 3142(g). These considerations do not favor detention, and the government has failed to prove otherwise.

1) **The government has failed its burden to prove Robyn is a danger.**

The government stresses that the encounter of 13 January 2026—forming the basis for Robyn's destruction of government property charge—establishes ongoing danger that cannot be mitigated. *See* Tr. at 55; Govt. Supplemental Brief at 3-5, 7-8. The government is wrong. On

January 13, ICE/ERO officers approached Robyn while he sat lawfully parked at a Walmart, after running his license plate and identifying him by name. Yet, despite the minor and unfounded nature of their suspicions, officers used unmarked vehicles, positioned one SUV to the rear at an angle and one sedan to the front in a "T," and demanded he exit. And video shows officers in tactical gear with firearms. This unnecessarily aggressive seizure—combined with media attention about ICE violence and killings—triggered the alleged offense behavior.

So the government's danger theory rests on a single, highly escalated, and atypical encounter, in which officers in unmarked vehicles rapidly boxed in a parked car, in tactical gear with firearms, banged on windows, and broke the driver's side window; the Government's only witness at the hearing was not present and relied on hearsay; video excerpts did not cover the initial interaction; and the Magistrate Judge expressly recognized the broader enforcement context and the defendant's prior compliance in concluding that stringent conditions (GPS, home incarceration, supervision, and custodianship) adequately mitigate any risk. This is particularly so because Robyn has no criminal history. *See* Tr. at 57-59.

The Court should not hold the government has met its clear-and-convincing burden to prove danger, based on one highly aberrant episode in the life of an otherwise law-abiding, peaceful man, when the federal agents provoked this episode with their own unnecessarily provocative aggression. Especially after the recent shooting death (at that time, only one) by ICE receiving news coverage across the nation, which the government's own witness admitted would make a reasonable person feel threated by ICE. *See* Tr. at 31-32. The Magistrate Judge found the government failed its danger burden for these exact reasons:

> Again, we're being confronted with a situation that was escalated for no -- it's unclear to the Court what the initial reason is for the escalation of this encounter. This is an individual who had been complying with all of the immigration requirements, who was not aware that his parole had been canceled, who had appeared for all of his

>appointments and was all the sudden thrust in the middle of a situation one week after footage of, frankly, incredibly disturbing images of overly aggressive and militant behaviors by ICE officers is permeating the airwaves. To hold that against him and declare him too violent or noncompliant to be able to be released on bond, it just doesn't make sense in the current situation.

*See* Tr. at 57.

At least one other district court in San Antonio has also found lack of proven danger and granted a defendant pretrial release based on similar facts, where ICE engaged in unreasonable escalation of an encounter, causing an alleged assault on a federal officer—and this was *before* ICE started killing peaceful protesters by intentionally shooting them in the head. *See U.S. v. Quintanilla-Chavez*, No. 5:25-cr-00388-XR-1, at Doc. 11 (MJ Bond Order) and Doc. 29 (DC Bond Order from Bench) (WDTX 2025). This Court should conclude likewise.

**2) The government has failed its burden to prove Robyn is a flight risk.**

To argue flight risk, the government stressed Robyn's ties to Cuba and his exposure to criminal charges based on the January 13 incident. *See* Tr. at 54-55; Govt. Supplemental Brief at 6-7. The government has failed its burden to prove flight risk. Far from proving flight risk, the record proves the opposite:

- <u>Strong community ties and verified supervision.</u> Robyn has resided with or near his father (a lawful permanent resident with steady employment), maintains close familial relationships (father and younger brother), and has a local girlfriend. Robyn's father, Rodis Argote-Robles, has committed to serve as third-party custodian and to secure an appearance bond with a cash deposit—powerful incentives for Robyn to appear and strong community anchoring.

- <u>Demonstrated immigration compliance and intent to remain and litigate.</u> Robyn lawfully entered on parole in October 2024; timely obtained work authorization and a Texas

driver's license; worked locally; timely filed for residency and asylum around October 2025; received and responded to USCIS notices; and completed biometrics in November–December 2025. These steps reflect consistent compliance and an intent to remain and resolve proceedings lawfully—not to abscond. And he was not unlawfully present intentionally or knowingly; he simply did not know his parole had been canceled (a fact that also helps explain his confusion when aggressively confronted by ICE). *See* Tr. at 57 (Magistrate Judge noting some of these facts in favor of pretrial release).

- Stringent conditions mitigate any residual risk. GPS monitoring, 24-hour home incarceration with limited exceptions, surrender of passport, travel restrictions, and pretrial supervision together reasonably assure appearance. The Magistrate Judge specifically relied on these conditions in setting release. *See* Doc. 10 (MJ Bond Order).

- The Government's reliance on ties to Cuba is insufficient. The Court recognized Robyn has family in Cuba, but found that, given his established life in Texas, compliance history, responsible custodian, and robust conditions, appearance can be reasonably assured. *See* Tr. at 57-59; *see also* Tr. at 59-73 (finalizing conditions).

- Marijuana use. The government notes Robyn's occasional use of minor amounts of marijuana. *See* Govt. Supplemental Brief at 6. Yet this occasional use of minimal amounts hardly shows a flight risk or danger, and the Magistrate Judge accounted for this fact by ordering abstention and testing, so it should matter little. *See* Tr. at 70-71; Bond Order.

- Alleged attempt to flee. The government stresses that the offense behavior indicate Robyn may have been trying to flee in his vehicle, which is relevant to risk of flight. *See* Govt. Supplemental Brief at 7. But as the Magistrate Judge rightly found, this incident

was an aberrant, out-of-character event that was triggered by the unreasonably aggressive escalation by ICE in a fraught environment—not evidence showing a defendant likely to engage in unprovoked, premeditated flight. *See* Tr. at 57-59.

- <u>Civil immigration status.</u> In other cases, the government has argued that a defendant's lack of legal status makes him a flight risk requiring detention. The government hasn't yet argued that here. Regardless, in a prior order, the Magistrate Judge explained exactly why this argument holds no water: whether to release such a defendant—one alleged to lack legal status and who has a pending civil immigration detainer—is governed by the same standards as those set out and applied herein. *See U.S. v. Quintanilla-Chavez*, No. 5:25-cr-00388-XR-1, at Doc. 11 pp. 2-5 (WDTX 2025). For such defendants, there is no presumption favoring detention. *Id.* And under that standard, the Magistrate Judge rightly found the government failed to prove release on bond was unjustified.

## CONCLUSION

In the end, the records shows that: (a) Robyn has no criminal history and strong community ties through family, residence, and local employment; (b) he complied with immigration processes, including parole entry, biometrics, and applications for legal status; (c) he is unlikely to flee to a country he sought asylum from and he is subject to conditions precluding travel regardless; and (d) the January 13 events were an aberration occurring in a fraught context, not evidence of ongoing danger. The Magistrate Judge was correct to conclude the government had not met its burden and that conditions could reasonably assure appearance and safety. The Court should conclude likewise.

Respectfully Submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/S/
/s/ MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, TX 78205
Tel.:(210) 472–6700
Fax: (210) 472-4454
Bar Number: 00798310
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2026, electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the AUSA of record.

/s/ MARINA THAIS DOUENAT
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| United States of America | § § § |
| v. | §    No. 5:26-mj-00050-RBF-1 § |
| Robyn Argote-Brooks | § § § |

**O R D E R**

Based on the evidence at the hearing, the findings and conclusions of the Magistrate Judge, and the arguments of the parties, the Court concludes that the government's motion to revoke the Magistrate Judge's bond should be—and is hereby—**DENIED**. The Magistrate Judge's order on release and bond is hereby **AFFIRMED**. The stay of the Magistrate Judge's order on release and bond is hereby **LIFTED**, and the Magistrate Judge's order on release and bond is hereby **EFFECTIVE IMMEDIATELY**.

SIGNED AND ENTERED this _____ day of _____ , 2026.


_____
Jason K. Pulliam
United States District Judge